UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOHN LAMOND, II, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:07-cv-426-SEB-JMS |
| ) | |
| CHRISTOPHER MAHER, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion for Summary Judgment**

For the reasons explained in this Entry, the defendants' unopposed motion for summary judgment (dkt. 28) must be **granted.**

**I.  Background**

The plaintiff in this action is John Lamond, II ("Lamond"). The defendants are 1) Christopher Maher, 2) John Cohan, and 3) Sgt. Wheeler. The defendants are sued in their individual capacities as officers with the Indianapolis Police Department (now the Indianapolis Metropolitan Police Department). This cause is before the court on the plaintiff's complaint, on the defendants' answer, and on the defendants' motion for summary judgment.

The question presented in this civil rights action is whether Lamond has met the burden of a non-movant facing a motion for summary judgment and shown that there is a genuine issue for trial as to his claim that the defendants used constitutionally excessive force in effectuating their arrest of Lamond during the evening of December 9, 2006.

The standard for evaluating and acting on a motion for summary judgment is well known. "Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the *Federal Rules of Civil Procedure*). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. Id. "'It is well-settled that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)).

The undisputed facts for the purpose of resolving the motion for summary judgment are the following:

On December 9, 2006, Lamond decided that he wanted to fight with the police. At approximately 9:30 p.m., Lamond called the police to inform them that he had a knife, wanted to go to jail and intended to harm the police when they arrived. Lamond was at 2612 Graydon Street in Indianapolis, Indiana, the home of his ex-girlfriend. According to Lamond's later testimony in the criminal trial court, "[t]he beginning half of this year I was trying to fight to stay with a certain female and this time I was trying to walk away from her and she made me mad and I basically told her that I would rather sit in jail than deal with you." Lamond's girlfriend got on the telephone with dispatch and confirmed Lamond was armed with a knife and that she wanted him to leave. Lamond eventually surrendered the knife to his girlfriend, but did not leave the premises.

When police arrived at the scene, Lamond was drunk, highly agitated and aggressive. He yelled obscenities, approached Officers Cohan and Maher in a "boxer stance," then walked away. When officers told Lamond not to walk away, he turned back and charged Officer Maher in a threatening manner. Officer Maher struck Lamond and attempted to handcuff him. Lamond refused to comply with the officers' instructions, he would not allow himself to be handcuffed, and he punched Officer Maher in the chest and tore the badge from his uniform. A struggle ensued, during which Officer Maher tackled Lamond. Lamond's eye struck the sidewalk. Lamond was arrested for battery on a law enforcement officer, resisting law enforcement, and public intoxication. Medics arrived to treat Lamond, who proceeded to scream, yell and curse. Because Lamond would not cease this behavior when instructed to do so, he was also charged with disorderly conduct.

Lamond appeared in an Indiana state court on December 12, 2006, in relation to the charges which were filed from the events described above. He appeared with his attorney. At that proceeding, he entered a plea of guilty to, and was found guilty of, battery on a law enforcement officer and resisting law enforcement. He was sentenced for those offenses. His convictions are still in effect, although he is no longer serving the executed sentences imposed for them.

## II. Discussion

Lamond's claim is asserted pursuant to 42 U.S.C. § 1983. The court has subject matter jurisdiction over the claim pursuant to 28 U.S.C. §§ 1331 and 1343(3). "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). Two constitutional provisions are implicated by Lamond's allegations in this case–the Fourth Amendment and the Fourteenth Amendment to the United States Constitution.

### A.  Fourth Amendment - Use of Force

The Fourth Amendment to the United States Constitution provides: "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated." This provides the pertinent constitutional provision governing the claim against the defendants. *Graham v. Connor,* 490 U.S. 386, 396 (1989)("[A]ll claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard.").

Lamond does not dispute that his arrest was lawful, and such an arrest justified the use of force by the defendants to effectuate the arrest, for a police officer's ability to make a stop or an arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* Nonetheless, the Fourth Amendment prohibits the use of excessive force during the execution of a seizure. *Id.* at 395. *See Estate of Phillips v. City of Milwaukee,* 123 F.3d 586, 592-93 (7th Cir. 1997) (where an offender is resisting arrest, an officer can use that amount of force necessary to overcome the offender's resistance), *cert. denied,* 522 U.S. 1116 (1998).

In order to decide whether the amount of force used during a seizure is "excessive," a court examines the totality of the circumstances to determine whether the intrusion on the citizen's Fourth Amendment interests was justified by the countervailing government interests at stake. *See Lanigan v. Village of E. Hazel Crest,* 110 F.3d 467, 475 (7th Cir. 1997).

> Whether excessive force was used is evaluated under the "objective reasonableness" standard, through which courts assess whether the actor's actions were objectively reasonable "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397; *Chapman v. Keltner,* 241 F.3d 842, 847 (7th Cir. 2001). Factors which are relevant to this evaluation include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham,* 490 U.S. at 396. Ultimately, the excessive force inquiry "looks to whether the force used to seize the suspect was excessive in relation to the danger he posed--to the community or to the arresting officers--if left unattended." *McDonald v. Haskins,* 966 F.2d 292, 294 (7th Cir. 1992); *see also Lanigan v. East Hazel Crest,* 110 F.3d 467, 475 (7th Cir. 1997).

*Jacobs v. City of Chicago,* 215 F.3d 758, 773 (7th Cir. 2000).

One of the defendants' arguments in support of their motion for summary judgment, and the argument which the court finds dispositive, is that the defendants are entitled to qualified immunity here.[1]

To avoid subjecting officials to the distraction and deterrence of unnecessary trials, the Supreme Court has emphasized that summary judgment should be granted to a § 1983 defendant on qualified immunity grounds "if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact . . . violated clearly established law." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)). In evaluating a claim of qualified immunity, a court conducts a two-step inquiry: "First the court must determine whether the disputed conduct, as alleged, violates a constitutional right; second, the court must determine whether that right was 'clearly established' at the time of the alleged conduct." *Wernsing v. Thompson,* 423 F.3d 732, 742 (7th Cir. 2005) (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001)).

In order to determine if a defendant is entitled to qualified immunity, the court must determine whether undisputed facts demonstrate that the defendant violated the plaintiff's constitutional rights. *Saucier,* 533 U.S. at 201("A court required to rule upon the qualified immunity issue must consider . . . this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? This must be the initial inquiry."). If a constitutional right was violated, the court must then ask whether the constitutional right was clearly established at the time the plaintiff was allegedly injured. *Id.* "The relevant inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation the officer confronted." *Payne v. Pauley,* 337 F.3d 767, 775-76 (7th Cir. 2003) (citing *Saucier,* 533 U.S. at 202). "A right is not clearly established if officers of reasonable competence could disagree on the issue." *Saffell v. Crews,* 183 F.3d 655, 658 (7th Cir. 1999) (quoting *Hinnen v. Kelly,* 992 F.2d 140, 142-43 (7th Cir. 1993)).

In the context presented here, the first portion of the qualified immunity analysis requires the court to determine whether there is a material question of fact as to whether the force used against Lamond was excessive. The force used could be deemed excessive if, in light of the totality of the circumstances, it was greater than was reasonably necessary

---

[1] The defendants also argue that Lamond is collaterally estopped by the outcome of the criminal prosecution–the outcome being that Lamond was convicted based on his plea of guilty–from pressing his civil rights claims here. There is a body of law that addresses how a court in a civil suit is to treat a criminal conviction where the use of excessive force by police officers could have been a defense to a charge of resisting law enforcement. This principle cannot be applied conclusively here, however, for even if a jury had convicted Lamond this would not automatically bar a claim of excessive force in a subsequent civil action. *See Hernandez v. City of Los Angeles,* 624 F.2d 935, 937-38 (9th Cir. 1980); *DuFour-Dowell v. Cogger,* 969 F.Supp. 1107, 1117-18 (N.D.Ill. 1997). "Even while resisting an arrest, an arrestee can be subjected to force excessive for the situation." *Id.* at 1118. The State's offer of proof in Lamond's cases recited *Lamond's* actions, not those of any of the police offices. That offer of proof at least does not entirely negate the viability of Lamond's claims in the present case, and thus the court will not rely on Lamond's conviction to resolve his claims.

4

to effectuate the seizure. *Payne,* 337 F.3d at 778 (quoting *Lester v. City of Chicago,* 830 F.2d 706, 713 (7th Cir. 1987)). This determination "requires careful attention to the facts and circumstances of each particular case." *Graham v. Connor,* 490 U.S. 386, 396 (1989). The Court of Appeals has noted that,

> since the *Graham* reasonableness inquiry nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, we have held on many occasions that summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly.

*Sallenger v. Oakes,* 473 F.3d 731, 742 (7th Cir. 2007). In this case, however, there are no disputed facts which have been advanced. This is because Lamond has not opposed the motion for summary judgment**.** Accordingly, the factual assertions on which the motion for summary judgment is based and which are supported by the evidentiary record are accepted as true for the purpose of resolving that motion. *Corder v. Lucent Techs., Inc.,* 162 F.3d 924, 927 (7th Cir. 1998); *Flaherty v. Gas Research Inst.,* 31 F.3d 451, 453 (7th Cir. 1994); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This is the result of Local Rule 56.1(h), of which Lamond was notified. This is a case in which, based on the uncontested facts put forward by the defendants, there is no question remaining for trial. The evidentiary record shows that, although force was used, it was Lamond who initiated the encounter, it was Lamond who initiated the use of force, it was Lamond who was solely responsible for the escalating threat and use of additional force, and it was Lamond who persistently refused to submit to the authority of the police officers. In short, it was Lamond's aggression which created and continued the confrontation until it was concluded through the reasonable use of force by police. There was no unconstitutional use of force against Lamond during his arrest by the defendants on the evening of December 9, 2006.

The court's conclusion as to the first prong of the qualified immunity analysis makes it unnecessary to discuss the second prong. *Saucier,* 533 U.S. at 201 ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").

### B. Fourteenth Amendment - Failure to Intervene

Lamond alleges in a nonspecific manner that one or more of the defendants stood by and failed to protect him from the unlawful use of force by one or more of the other defendants.

Under *Yang v. Hardin,* 37 F.3d 282 (7th Cir. 1994), "[a]n officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; *and* the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Id.* at 285 (emphasis in original).

As explained above, it has been determined here that constitutionally excessive force was not used against Lamond. Accordingly, the first and foremost element of a failure to intervene claim is absent, and in the absence of such element Lamond cannot prevail as to this claim. See *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983).

### III.

Summary judgment is, in a rough sense, "the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Schacht v. Wisconsin Dep't of Corrections,* 175 F.3d 497, 504 (7th Cir. 1999). Lamond, as the non-movant, has doomed his case by not coming forward with a genuine question of fact for trial. When the standard embraced in Rule 56(c) is met, summary judgment is mandatory. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). That is precisely the situation with respect to the present case, and the defendants' motion for summary judgment must therefore be **granted**. Judgment consistent with this Entry shall now issue. The costs of this action are assessed against the plaintiff.

**IT IS SO ORDERED.**

Date: 02/05/2008

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana